# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Brian L. Daniels

v.

City of Newport News

March 7, 2000

Case No. (Misc.) 9912-VC

BY JUDGE H. VINCENT CONWAY, JR.

This matter is before the Court on the appeal of Brian L. Daniels ("Petitioner") to a determination by the City of Newport News ("City") that his employee complaint of unfair treatment under promotional policies and procedures within the Newport News Police Department is not grievable. After considering the evidence and arguments made by both parties, I reverse the City's determination and find the complaint of the Petitioner to be grievable.

## I. *Facts*

The City's grievance procedure, adopted October 1, 1991, states that its purpose is to "Afford an immediate method for the resolution of disputes which may arise between the City and its employees." All matters, however, are not subject to dispute, with the City reserving to itself the exclusive right to manage the general affairs and operations of the City, including, *inter alia*, the right to establish personnel and operating policies, procedures, rules and regulations; to hire, promote, transfer, assign, and retire employees; to establish standards for acceptable performance and conduct; and to otherwise establish wages and salaries, position classifications and provide for general benefits. As a direct consequence of this reservation of authority, certain matters are listed as not grievable by city employees. As relevant to this case,

an employee cannot complain or grieve a decision concerning a failure to promote, *"except where the employee can show established promotional policies or procedures were not followed or applied fairly."* (Emphasis supplied.)

In 1995, Petitioner attempted to apply for the position of Master Police Officer ("MPO"). His application was rejected on the grounds that he had not completed Field Officer Training ("FOT"). As contained in written, established policy, then and now in effect, this is a required course of training and a mandatory prerequisite to application and consideration for the position of MPO. Those individuals placed on the list in 1995 as qualified for the MPO position were all promoted in the early part of 1996. Thereafter, and for approximately the next two years, the MPO classification was effectively "closed," while the City and the Police Department considered various changes pertaining to this and other positions. New MPO positions were not available until 1998. When the position was "reopened" for new applicants, the Petitioner applied and was promoted to MPO, having completed the requisite FOT education prior to submission of his application.

Not all applications for MPO without the requisite FOT were rejected in 1995. The evidence indicates that another officer, who worked directly with the Chief of Police, was accepted for MPO classification without FOT. The evidence indicates that the Chief of Police met with the City's Personnel Director and discussed this very issue, and there is no dispute that all participants were aware that this other officer was being considered for MPO without FOT. Notwithstanding the written policy that completion of FOT was a mandatory prerequisite for promotion to MPO, this officer was placed on the list without such training and promoted to MPO.

The Petitioner claims that the established policies and procedures were not followed or fairly applied and brings this action seeking a pay adjustment for the intervening period prior to his promotion to MPO in 1998. In essence, Petitioner claims selective enforcement of promotional policies in conflict with written policies in rejecting his application in 1995, which, because the MPO classification was thereafter "closed" for approximately two years, precluded him from promotion to MPO status until 1998.

The response of the City is that (1) it was proper to reject the Petitioner's application since he did not have FOT; (2) the officer promoted in 1995 was the only exception made and it was an error which should not now set the standard; (3) the Petitioner must show that there was a widespread and persistent violation of promotional policies and procedures, not just an isolated incident, in order to present a grievable claim; and (4) there is no evidence that

Petitioner would have been selected for the limited openings in 1995-96 even if qualified for the MPO position.

## II. *Analysis*

The sole issue before the Court is whether the complaint of Petitioner is grievable. In other words, does Petitioner deserve a hearing on the evidence presented based on the City's grievance procedure guidelines?

Adopting a "plain meaning" analysis of the City's obligation "to follow" established policies and procedures and to then apply them fairly, the Petitioner has met the required burden of proof. The application of City policies did not occur as established in written procedures. To apply different standards to similarly situated employees is neither sanctioned nor authorized in the City's written policy standards and is patently unfair. Even the City, while now contending that the promotion in 1995 was an error inconsistent with stated policy and would not, in retrospect, be approved today, concedes the premise of the Petitioner's position that neither proper policy nor fair application occurred in 1995.

While conceding the selective application of its policies and procedures in 1995, however, the City argues that in order for Petitioner to prevail in his claim, the law requires that he show a "widespread and persistent" violation of City policy, not just an isolated incident. The Court finds several problems with this position. First, the grievance procedure does not say that the City is entitled to any exceptions or otherwise limit the employee's grievance rights to those areas in which "widespread and persistent" failure to follow policy or procedure occurs. Second, the law advanced in support of this position is inapposite to the issue being considered. The requirement necessitating a finding of "widespread and persistent" violations to sustain an employee's burden of proof is the standard applicable under § 1983 of the Civil Rights Act when an employee seeks to prove that an unwritten custom or procedure is being followed which is discriminatory and unlawful as to certain protected classifications. Logically, if one is going to show that a detrimental custom exists, more is required than evidence of an isolated incident. This standard has no application in a consideration of an employee grievance under a written procedure that invites such a consideration. It is the City which established the grievance procedure, a covenant or contract with its employees, vesting certain obligations and corresponding responsibilities in both employer and employee, and it is the City, not the employee, which represents to employees that promotional issues are, in fact, grievable if the established policies and procedures of the City are not followed or fairly applied.

In response to the City's contention that this was just an isolated incident, the Petitioner called two officers who testified that they were both promoted before they "technically" met the established criteria for the position being sought. In fairness to the City, however, these incidents appear to have occurred under prior policies that allowed the promoting authority some discretion either in re-defining various specialties or in otherwise modifying the promotional criteria to include substantially equivalent service. In this situation, however, and as agreed to by all parties, there was no authority to modify the FOT requirement, which was a "must have" criteria before application for the MPO status. In response to the City's contention that promotional issues are never grievable, the Petitioner presented evidence from another officer who testified that, after the City rejected his grievance regarding a promotional matter, he appealed to the Circuit Court for the City of Newport News and was subsequently granted a promotion prior to the convening of a grievance panel after Judge Douglas M. Smith determined the complaint to be grievable. It should be stated, however, that the manner in which the City treated all of these other officers, while instructive in obtaining a better understanding of the process, provides little direct assistance to this Court, absent full knowledge of the particular facts of each case.

The City contends that, since the correct standard was applied in rejecting the Petitioner's application, he cannot complain. This defines fairness too narrowly for this Court, places the Petitioner in an unrealistic vacuum, and undermines the reliance interest that is promoted by established policies and procedures. Certainly, when policies are being applied inconsistently and without authority, it cannot be argued that fairness exists in application. Selective, thus unfair, enforcement of a promotion standard in direct contravention of written, established City policy and procedure cannot be defended by claiming error. Even if the promotional decision were made in all good faith, this would provide little support for the City's position. The consideration before the Court is not whether good or bad faith was exercised, but whether a covenant to follow established policies and procedures and to apply them fairly was fulfilled to such an extent that the claim of the Petitioner for a hearing should be denied.

The City also argues that, since a grievance panel does not have the power to provide the remedy sought by Petitioner, this Court must deny his claim. This contention is not accepted by the Court. Similar is the claim that this officer might not have even been selected for MPO if placed on the qualified list in 1995. These issues are for the panel to consider. The only issue is whether the Petitioner is entitled to a hearing. This Court will not attempt to presume what action the grievance panel might take. At this stage of this

proceeding, this Court has no authority to foreclose the possibility that the City or a grievance panel may resolve the matter in a mutually satisfactory manner to all parties.

### III. *Finding*

On the evidence presented, this Court finds that in rejecting the Petitioner's application for MPO status based on lack of FOT training, while accepting another application without such a pre-condition, the City did not follow its established policies and procedures and, as a consequence, failed to apply its policies fairly as to this Petitioner. Accordingly, this Court finds the complaint grievable under the City's guidelines and orders that a grievance panel be allowed to review these circumstances in detail.

The Court is mindful that the City's petition represents that another judge in this circuit has arrived at a conclusion on this same issue that differs. The final determination in any legal matter, of course, is dependent on the law and evidence submitted for consideration. Having rejected, however, the legal argument of the City that a widespread and persistent violation of city promotional policies and procedures must be shown by the Petitioner to meet the required burden of proof, this Court has no alternative but to make the finding set forth above.

For the above reasons, I find the claim of Detective Brian L. Daniels to be grievable.